UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSE ANTONIO CUCALON CASTILLO,

                    Petitioner,

              v.

WARDEN, Adelanto Detention Facility, et al.,

                    Respondents.

Case No. 5:26-cv-01976-DTB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**I.**

**PROCEEDINGS**

On April 20, 2026, petitioner Jose Antonio Cucalon Castillo ("Petitioner"), through counsel, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1 at 1-19),[1] accompanied by four supporting exhibits (Docket No. 1 at 20-31).

/ / /

---

[1]    For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

1

The Petition alleges the following claims for habeas relief: (1) Violation of Fifth Amendment Right to Due Process (Substantive); (2) violation of Fifth Amendment Right to Due Process (Procedural); and (3) violation of the Administrative Procedure Act. (Petition at 11-16). The Petition seeks, among other things, Petitioner's release from custody or a bond hearing. (Id. at 16-17).

In accordance with General Order 26-05 filed on April 20, 2026 (see Docket No. 5), Respondents filed an Answer to the Petition ("Answer") on April 27, 2026 (Docket No. 8).

In their Answer, Respondents state that a proper remedy would have been a Rodriguez bond hearing, which Petitioner has already received and the outcome of which must be challenged in the immigration court system. (Docket No. 8 at 2-3 ["To the extent Petitioner is entitled to any remedy for his Petition, it would have been a *Rodriguez* bond hearing held before an Immigration Judge under Section 1226(a). Petitioner requests a bond hearing as alternative *habeas* relief."]).

Petitioner filed his Reply on April 28, 2026. (Docket No. 9). In his Reply, Petitioner argues that a delayed bond hearing does not cure the alleged deprivation of Petitioner's due process rights prior to detention. (Id. at 1-3).

Thus, this matter is now ready for decision. For the reasons set forth below, the Court grants the Petition.

## II.

## BACKGROUND[2]

Petitioner is a 33 year-old native and citizen of Nicaragua (Petition at ¶¶ 13, 35; id. at 24). On December 9, 2022, Petitioner entered the United States, and was detained by Immigration and Customs Enforcement ("ICE") upon entry. (Id. at ¶

---

[2]   The Background is primarily based on the allegations in the Petition and the exhibits attached to the Petition.

35; id. at 24). After being detained by ICE and being determined not to be a danger to the community or a flight risk, Petitioner was released on parole by ICE. (Id. at ¶ 36; id. at 24).

Following his release, Petitioner was required to periodically check in with ICE. (Id. at ¶ 37; id. at 26-28). During the years of his release on parole, Petitioner appeared for all of his ICE check-ins. (Id. at ¶ 37). On August 1, 2025, Petitioner was instructed to appear for a check-in at the ICE office. (Id. at ¶ 37; id. at 28). When Petitioner attended his ICE check-in, he was arrested and detained. (Id. at ¶ 37). While released on parole, Petitioner applied for asylum, was granted a work permit, and was lawfully and gainfully employed. (Id. at ¶ 38). Petitioner has suffered no criminal arrests or convictions while present in the United States. (Id.).

As of April 20, 2026, Petitioner has been detained for 259 days pending removal proceedings. (Id. at ¶ 39).[3] On an unspecified date, because Petitioner had been detained for over six months, Petitioner received a Rodriguez bond hearing, but he was denied bond. (Id.). Petitioner's asylum application was pretermitted, and he appealed that decision. (Id.; id. at 30-31). Petitioner is currently being detained at the Adelanto Ice Processing Center in Adelanto, California. (Id. at ¶¶ 4, 13; https://locatoer.ice.gov/odls/#/results).

### III.

### LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to

---

[3] According to an exhibit attached to the Petition, on December 8, 2025, the immigration judge ordered Petitioner to be removed. (Petition at 30).

3

secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## IV.
## DISCUSSION

### A.    Petitioner's Second Claim Warrants Habeas Relief.

The second claim in the Petition alleges that Petitioner's detention violated his right to procedural due process under the Fifth Amendment. (Petition at 12-14).

#### 1.    Procedural Due Process.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. All persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," are entitled to protection under this provision of the Constitution. Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." Id. at 690; see also United States v. Salerno, 481 U.S. 739, 755 (1987) ("In our society

4

liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Garro Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases).

Generally, the Due Process Clause "requires some kind of a hearing *before* the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). In Mathews v. Eldride, 424 U.S. 319 (1976), the Supreme Court established three factors for a court to consider for purposes of determining what process is constitutionally sufficient to protect a liberty interest: The private interest that will be affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Id. at 335; see Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, and noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); López v. Wofford, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending Mathews "to the context of immigration detention").

Thus, the Court considers the Mathews factors as applied to Petitioner's claim.

/ / /

/ / /

a.      Private Interest

Petitioner has resided in the United States for more than 3 years, has resided with his family, has been lawfully and gainfully employed, and has contributed to his community.  (Petition at ¶¶ 38, 42).  He has not suffered any criminal arrests or convictions while in the United States.  (Id.).  Other than his being required to appear for scheduled check-ins with ICE – a condition with which he complied (id. at ¶ 37; id. at 24, 26-28) – there is no indication – and Respondents do not present any evidence – showing that there were additional conditions imposed on Petitioner while he was released on parole.

Accordingly, Petitioner's liberty interest in remaining out of custody is protected under the Due Process Clause.  See e.g., Cruz v. Lyons, Case No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129, at *3 (C.D. Cal, Nov. 6, 2025) (finding the petitioner had a protectable liberty interest in remaining on supervised immigration release); C.A.R.V. v. Wofford, Case No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *10 (E.D. Cal. Nov. 1, 2025) (finding the petitioner had a constitutionally protected liberty interest in remaining out of ICE custody based on the "approximately four years on parole" preceding his re-detention).

Pursuant to the holding in Mathews, Petitioner should have been afforded a hearing prior to being detained following his release on parole mostly without conditions.  Petitioner has a substantial private interest in remaining free from detention on supervision, living in his home, engaging in lawful employment and generally participating in the community, all while out of custody.  See C.A.R.V., 2025 WL 3059549, at *10 ("As to private interest, during his approximately four years on parole, C.A.R.V. obtained permission to work, pursued gainful employment, and built a relationship with his fiancé and many others in his community. . . .  Petitioner has a substantial private interest in being out of custody

6

and his detention denies him that liberty interest."); Garro Pinchi, 792 F. Supp. 3d at 1034-35 ("Ms. Garro Pinchi justifiably relied on the government's implied promise in obtaining employment, taking on financial responsibility for her family members, and developing community relationships. The more than two years that she has spent out of custody since ICE initially released her have only heightened her liberty interest in remaining out of detention."); Manzanarez v. Bondi, Case No. 1:25-cv-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding that petitioner had a private interest in remaining free from detention where "he was released on his own recognizance for over two years and complied with his [order of release on recognizance] conditions during that time"); López, 2025 WL 2959319, at *6 ("Petitioner had been out of custody for nearly four years, and during that time, began a life in the United States, living with her partner and complying with the terms of her release. Her detention denies her that freedom.").

   b. <u>Risk of Erroneous Deprivation</u>

The absence of a predetention hearing under these circumstances presents an unacceptable risk that the government would erroneously deprive Petitioner of his liberty interest. Civil immigration detention is permissible only to prevent flight or reduce the risk of danger to the community. Zadvydas, 533 U.S. at 690-91. The risk of a wrongful deprivation is particularly high here given the evidence that Petitioner was released on parole mostly without conditions in 2022. Respondent has adduced no evidence – or even argued – that Petitioner poses a risk of flight or a danger to the community. The government clearly did not believe Petitioner to be a risk of flight or a danger to the community when he was released on parole mostly without conditions in 2022; otherwise, the government would not have released him. Cf. e.g., Sequen v. Albarran, Case No. 25-cv-06487-PCP, 2025 WL 2935630, at *11 (N.D. Cal. Oct. 15, 2025); Singh v. Andrews, Case No. 1:25-cv-

7

00801-KES-SKO (HC), 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025). As noted, ICE has *already determined* that Petitioner does not pose a flight risk or danger to his community when it released him on parole mostly without conditions in 2022. There is no evidence indicating that this decision was erroneous or should otherwise be reassessed.

c.    Government Interest

As for the third Mathews factor, "as many other courts have recognized, there is no meaningful countervailing Government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." Cruz, 2025 WL 4051129, at *4 (collecting cases). Here, the government has made no argument as to why Petitioner should be detained. Moreover, Petitioner was released on parole mostly without conditions since 2022. "[T]he Government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lessor bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). Moreover, "any fiscal or administrative burden on the additional procedural safeguard of a hearing before neutral adjudicator imposes on the Government is at most minimal'[.]" Sun v. Santa Cruz, Case No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). There are no facts in the instant record which would support a finding that the government's decision in 2022 to release Petitioner on parole was made in error.

Accordingly, the Court finds that there is a great risk that the lack of a predetention process – a hearing to determine whether Petitioner, in fact, presents a risk of flight or danger to the community – has resulted in his unnecessary detention. / / /

8

Moreover, even if Respondents had met their burden to show the government had the authority to redetain Petitioner, such proof would not resolve whether the government could detain him without regard to the Due Process Clause's protections. The Constitution's guarantee of due process may require a hearing even where a congressional statute may not. Garcia Barrera v. Andrews, Case No. 1:25-cv-01006-JLT-SAB, 2025 WL 2420068, at *9 (E.D. Cal. Aug. 21, 2025) (citing Young v. Harper, 520 U.S. 143, 147-49 (1997), and Morrissey v. Brewer, 408 U.S. 471, 482 (1972)); see also Marbury v. Madison, 5 U.S. 137, 180 (1803) ("[A] law repugnant to the constitution is void . . .."). Respondents have offered no reason – much less any compelling reason – as to why the government should be able to detain Petitioner, who has developed a significant liberty interest during more than three years on release and likely poses no danger to his community or risk of flight, without first providing him with notice and opportunity for a hearing before a neutral adjudicator.

In conclusion, the Court finds that the government's detention of Petitioner on August 1, 2025, without adequate predetention process, when he had previously been released and had been compliant with his release, violated his right to procedural due process under the Fifth Amendment, requiring his immediate release.

If the government seeks to redetain Petitioner, Petitioner must be provided "some kind of hearing *before* the state deprives [him] of [his] liberty." Zinermon, 494 U.S. at 127 (emphasis in original). Further, such hearing must be before a neutral arbiter in which the government bears the burden of proving that Petitioner presents a risk of flight or a danger to the community. Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011).

/ / /

Accordingly, the Petition is GRANTED, and a writ shall issue ordering Petitioner's immediate release from custody. [4]

## IV.

## CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner from custody, and return all property confiscated from him during his arrest and processing into detention; (3) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from redetaining Petitioner without notice and a predetention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (4) Respondents shall file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: May 18, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court's determination that Petitioner is entitled to habeas relief on the second claim alleged in the Petition renders it unnecessary for the Court to address the other claims alleged in the Petition.